**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

DANIELLE FERGUSON

Plaintiff,

Case No.

v.

Hon.

DEPARTMENTOF HEALTH AND HUMAN SERVICES,

Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Patrick Harrington (hereinafter "Plaintiff"), by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Danielle Fergusob, is a resident of the City of Stanton, County of Montcalm and State of Michigan

2. Defendant, Michigan Department of Health and Human Services (hereinafter "MDOC") is a governmental entity whose registered mailing address is 333 S. Grand Ave., Lansing, MI 48909 and who is duly authorized to operate correctional facilities throughout the State of Michigan including Montcalm County.

3. The events producing the original injury occurred in Montcalm County, Michigan.

4. The events producing the original injury occurred in the County of Montcalm, State of Michigan, and Jurisdiction and Venue are proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the American with Disabilities Act of 1990 ("ADA"), (PWDCRA), and the Michigan Person with Disabilities Civil Rights Act, MCLA §37.2101, *et seq*.

6. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff timely filed a Charge of Discrimination alleging discrimination in violation of the ADA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2026-03528.

9. On July 22, 2026, the EEOC issued Plaintiff a Right to Sue Letter, notifying Plaintiff of her right to bring suit against Defendant under the ADA.

10. Plaintiff has filed this Complaint within ninety (90) days of her receipt of the EEOC's Determination and Notice of Rights.

11. Plaintiff has satisfied all administrative prerequisites to bringing her ADA claims and administrative exhaustion is required for Plaintiff's claims under the PWDCRA.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates by reference paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. Plaintiff began her employment with Plaintiff on September 29, 2024 and has been most recently employed as the front desk receptionist.

14. Plaintiff has suffers from diabetes which interfere with major life activities including eating, breathing walking and talking and is a disability under

the ADA and PWDCRA.

15. Plaintiff is able to perform the essential functions of her job with the reasonable accommodation of being allowed to eat a snack when her blood sugar level is low.

16. At all times, Claimant was able to perform the essential functions of her job with or without reasonable accommodations.

17. Plaintiff requested the reasonable accommodation of being allowed to consume a snack or drink at her desk when her blood sugar demanded it or be allowed to step away from her desk for a few moments to consume a snack or drink at her desk when her blood sugar demanded.

18. Plaintiff's requested accommodations were reasonable.

19. Upon information and belief, Defendant approved accommodations for Plaintiff, but those accommodations were no adequate and Defendant refused to provide Plaintiff with any accommodations whether or not they were approved.

20. Defendant has refused to accommodate Plaintiff in violation of the ADA and PWDCRA.

21. On February 27, 2026 Plaintiff was terminated.

22. Defendant, through their agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of her

disabilities and acted in accordance with that predisposition.

23. Defendant' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

24. On March 4, 2026 Plaintiff filed a Charge of Discrimination, Charge No. 471-2026-03528 for claims under the American with Disabilities Act. ("ADA").

25. On or about July 22, 2026, the EEOC issued a Right to Sue letter to Plaintiff.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

26. Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. At all times relevant Plaintiff suffered from anxiety and depression substantially interfere with major life activities including listening, talking and breathing and are disabilities under the Americans with Disabilities Act of 1990 ("ADA").

28. Defendant perceived and regarded Plaintiff as being a person with a disability.

29. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

30. Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

31. Defendant is an employer within the meaning of the ADA.

32. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her perceived or regarded disability, and request for an accommodation, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and he was terminated by Defendant.

33. Plaintiff is entitled to reinstatement as well as exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

34. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

b. Violating the laws against discrimination by terminating Plaintiff based exclusively upon her disability.

35. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

e. Terminating Plaintiff based upon her disability.

36. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

37. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant ordering her reinstatement and money damages in an amount in

excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT IV**
**VIOLATION OF THE MICHIGAN PERSONS**
**WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.***

38. Plaintiff incorporates by reference Paragraphs 1 through 36 above as though more fully set forth herein.

39. Plaintiff suffers from anxiety and depression which substantially interfere with major life activities including listening, talking and breathing and are disabilities under the, which are disabilities under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

40. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or superiors based upon her disability.

41. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to harassing him for her accommodations and terminating him due to disabilities and accommodations.

42. Defendant is an employer within the meaning of the PWDCRA Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status

as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant.

43. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

44. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

d. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

45. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

46. As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

a. Economic damages;

b. Mental anguish;

c. Fright;

d. Shock;

e. Embarrassment;

f. Outrage;

g. Anxiety;

h. Emotional distress;

i. Loss of self-esteem; and

j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey

SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 19, 2026

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Danielle Ferguson, by and through her attorneys, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues so triable as allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey

SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 19, 2026